IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:19-CV-29-BO

FRANK LENTZ HENSON and BEVERLY )
SHARPE HENSON, )
)
Plaintiffs, )
)
v. ) O R D E R
)
NATIONAL FLOOD INSURANCE )
PROGRAM, FEDERAL EMERGENCY )
MANAGEMENT AGENCY, and )
DEPARTMENT OF HOMELAND )
SECURITY, )
)
Defendants. )

This cause comes before the Court on defendants' motion for extension of time to file dispositive motion and motion to dismiss for lack of subject-matter jurisdiction and for summary judgment. Both motions are ripe for disposition. For the reasons that follow, defendants' motions are granted.

BACKGROUND

Plaintiffs Frank and Beverly Henson own a house insured by a Standard Flood Insurance Policy (SFIP) issued pursuant to the National Flood Insurance Act of 1968 (NFIA), 42 U.S.C. §4001, *et seq.*, as amended and underwritten by the United States Treasury through defendant National Flood Insurance Program (NFIP). All claims under the SFIP are paid for with United States Treasury funds from the National Flood Insurance Fund. In July 2018, Tropical Storm/Hurricane Chris passed off the coast of the North Carolina. Later that month, plaintiffs gave

notice of flood loss to defendant NFIP, and defendant Federal Emergency Management Agency (FEMA) recorded the date of loss as July 8, 2018.

On July 13, 2018, defendant FEMA sent a letter to plaintiffs informing them that it had assigned an independent adjusting firm to help "determine the amount of damages covered" by the SFIP and to aid plaintiffs in presenting their claim. The letter also informed plaintiffs that they were required by law to submit a proof of loss within sixty days of the loss and that their adjuster could provide them with the appropriate document and help them complete it. FEMA sent a second letter on August 21, 2018 warning plaintiffs that it had not received a proof of loss from them, that their deadline to submit proofs of loss was September 6, 2018, and that failure to comply with the deadline "could affect the settlement of their claim."

By August 27, 2018, plaintiffs calculated their flood loss as $175,193, exclusive of demolition costs, and plaintiffs' independent adjuster helped them prepare a proof of loss for $25,857.63. Plaintiffs disagreed with this amount, but they signed and dated it on August 31, 2018. This proof of loss was submitted within the sixty-day period allowed by the SFIP and was paid in full. Following the expiration of the sixty-day period, plaintiffs generated two supplemental proofs of loss. One proof of loss, dated September 30, 2018, amounted to $68,890.94, and the other proof of loss, dated January 21, 2019, amounted to $21,401.38.

On September 4, 2019, plaintiffs filed a *pro se* complaint against defendants for breach of contract, seeking compensatory damages. Defendants filed an answer on December 9, 2019. Discovery in the case concluded on October 30, 2020, and the deadline to file dispositive motions was set for December 4, 2020. On December 4, 2020, defendants filed a motion for extension of time to file a dispositive motion. Five days later, on December 9, 2020, defendants filed a motion to dismiss for lack of subject-matter jurisdiction and for summary judgment.

2

DISCUSSION

*Motion for Extension of Time to File Dispositive Motion*

Defendants have filed a motion for extension of time to file a dispositive motion. Prior to passage of a deadline, "the court may, for good cause, extend the time with or without motion or notice . . . before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). Plaintiffs have not responded in opposition to this motion, and the time for doing so has passed. For good cause shown, the Court grants defendants' motion for extension of time to file dispositive motion. Defendants' motion to dismiss for lack of subject-matter jurisdiction and for summary judgment is therefore timely.

*Motion to Dismiss and for Summary Judgment*

Defendants have filed a motion to dismiss and for summary judgment pursuant to Rules 12(b)(1) and 56 of the Federal Rules of Civil Procedure. Rule 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647–50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

It is well-settled that the United States, as sovereign, is immune from suit unless it has consented to be sued. *United States v. Sherwood*, 312 U.S. 584 (1941). The "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.* at 586; *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United

3

States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction"). In a case involving the United States, a federal court presumes it lacks jurisdiction "unless the contrary appears affirmatively from the record." *Renne v. Geary*, 501 U.S. 312, 316 (1991) (citations and internal quotations omitted). The party asserting federal court jurisdiction bears the burden of demonstrating that jurisdiction exists. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

The NFIA permits a party "to institute an action against the Administrator [of FEMA]" if the adminsitrator disallows a claim or a party refuses to accept the amount allowed. 42 U.S.C. § 4072. This operates as a waiver of the government's sovereign immunity. *Shearer v. State Farm Fire & Cas. Co.*, 2018 U.S. Dist. LEXIS 6298, at *7 (citing 42 U.S.C. § 4072; *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 531 (5th Cir. 2015)). The SFIP, a federal regulation promulgated by defendant FEMA, also allows insureds who experience a flood loss to file suit against the government, if that party has "complied with all requirements of the policy." 44 C.F.R. § 61, App. A(1), art.VII (R). The policy requires a policyholder to submit a signed proof of loss with supporting documentation for the dollar amounts claimed within sixty days of the date of loss. *Id.* at art. VII(J).

Here, it is undisputed that plaintiffs submitted two proofs of loss outside of the sixty-day time period. Therefore, plaintiffs cannot meet their burden to demonstrate that the government waived its sovereign immunity. *Shearer*, 2018 U.S. Dist. LEXIS 6298, at *7–8 ("Plaintiffs' failure to comply with the requirements of the SFIP results in a finding that the government's sovereign immunity has not been waived.") (citing *DeCosta v. Allstate Ins. Co.*, 730 F.3d 76, 84 (1st Cir. 2013); *Admiralty Condo. Asso'n, Inc. v. Dir., Fed. Emergency Mgmt. Agency*, 594 F. App'x 738,

4

740 (3d Cir. 2014)). Without a waiver of sovereign immunity, this Court lacks subject matter jurisdiction to adjudicate plaintiffs' claim and it must be dismissed with prejudice.

In response to the motion to dismiss, plaintiffs contend that they were blocked from timely submitting the totality of their flood loss by the fraud and deception of an insurance agent from the agency that sold them the policy. However, the SFIP makes clear that the duty to comply with the proof of loss requirement lies solely with plaintiffs, the policyholders, and the SFIP even warns potential claimants not rely on FEMA's assistance in complying with that requirement. *See* 44 C.F.R. § 61, App. A(1), sec. VII (J); *Wagner v. Dir., Fed. Emergency Mgmt. Agency*, 847 F.2d 515, 520 (9th Cir. 1988). Therefore, this argument does not excuse plaintiffs from complying with the policy requirements.

Accordingly, plaintiffs' current claims were made well 2 beyond the time for making Tropical Storm/Hurricane Chris claims for loss. Dismissal of the complaint is therefore appropriate. Because the claim must be dismissed for lack of jurisdiction, the Court does not consider defendants' arguments for summary judgment.

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motion for extension of time and defendants' motion to dismiss and for summary judgment are GRANTED. [DE 24, 26]. Plaintiffs' complaint against defendants is DISMISSED. The Clerk is DIRECTED to close the case.

SO ORDERED, this 31 day of January, 2021.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE